## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FRANCES CARLO, JOEL LOPEZ, and their conjugal partnership, EMILY RAMOS SANCHEZ, JOHN DOE, JANE DOE, and their conjugal partnerships,** individually, and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**COLONEL JOSE L. CALDERO, VILMA FERNANDEZ, HECTOR PESQUERA, JANE DOE, and their respective conjugal partnerships, THE PUERTO RICO POLICE DEPARTMENT, and the COMMONWEALTH OF PUERTO RICO**<br><br>**Defendants.** | Case No. 16-_____<br><br>**CLASS ACTION COMPLAINT, COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs, Frances Carlo, Joel Lopez, and their conjugal partnership, Emily Ramos, John Doe, Jane Doe, and their conjugal partnership bring this complaint as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in accordance with the Puerto Rico Constitution, Article II, Section 16, Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 173, *et seq*., Puerto Rico Working Hours and Days Act, 29 L.P.R.A. §§ 271, *et seq*., and the Puerto Rico Police of 1996 Act, 25 L.P.R.A. §§ 3109, *et. seq.* against Defendants, Colonel Jose L. Caldero, in his individual capacity and in his official capacity as Superintendent of the Puerto Rico Police, former Superintendent Hector Pesquera, in his personal capacity, the Puerto Rico Police Department (also referred to as "Policia de Puerto Rico" herein), and the Commonwealth

of Puerto Rico  (respectfully or "Defendants") for unpaid wages, including minimum wages and overtime wages and reimbursement, and failing to provide meal breaks and compensate for missed breaks, for deprivation of property without due process of law in violation of the Fifth Amendment and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, as follows:

## PARTIES

1.      At all relevant times plaintiff Frances Carlo was a resident of Puerto Rico. She works as an hourly paid, non-exempt police officer (herein after "Police Officer") for the Policia de Puerto Rico during the applicable statute of limitations period, beginning approximately 12 years ago. Officer Carlo is married to Joel Lopez, with whom she forms a conjugal partnership.

2.      Plaintiff Emily Ramos is a resident of Puerto Rico. She worked as an hourly paid, non-exempt police officer for  Hector Pesquera, and Jose Caldero until her retirement in July 2013, beginning in the late 1990's. Ms. Ramos is single.

3.      Plaintiff John Doe is domiciled outside of Puerto Rico. He worked and works as an hourly paid, non-exempt police officer for Jose Caldero. Married John Does former conjugal partnerships with Jane Doe. They form part of this action.

4.      The Class Members are current and former hourly paid, non-exempt police officers who worked for Defendant. They reside in Puerto Rico as well as throughout the United States.

5.      Defendant, Colonel Jose L. Caldero, is the Police Superintendent for the Policia de Puerto Rico and, upon information and belief, is involved in the day-to-day operations of the Policia de Puerto Rico, has the authority to hire and fire Police Officers, has the authority to direct and systemize the work of the Police Officers, and has the authority to make decisions

regarding payment of wages, classifications of exempt and non-exempt status, and has the authority to make decisions about whether Plaintiff and the Police Officers are entitled to receive overtime pay. At all relevant times, this individual acted and had responsibility to devise, direct, implement and supervise the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiff for time worked and an overtime premium as required by FLSA and Puerto Rico law. As such, at all time hereinafter mentioned, this individual has been and is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and Puerto Rico Code §§ 29 L.P.R.A. §§ 271 *et seq.* On information and belief, Colonel Jose L. Caldero is married to Vilma Fernandez, and whom he forms a conjugal partnership.

6.      Defendant, Hector Pesquera, is the former Police Superintendent for the Policia de Puerto Rico and, upon information and belief, was involved in the day-to-day operations of the Policia de Puerto Rico, had the authority to hire and fire Police Officers, had the authority to direct and systemize the work of the Police Officers, and had the authority to make decisions regarding payment of wages, classifications of exempt and non-exempt status, and had the authority to make decisions about whether Plaintiffs and the Police Officers were and are entitled to receive overtime pay. At all relevant times, this individual acted and had responsibility to devise, direct, implement and supervise the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs for time worked and an overtime premium as required by FLSA and Puerto Rico law. As such, at all time hereinafter mentioned, this individual has been and was an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and Puerto Rico Code §§ 29 L.P.R.A. §§ 271 *et seq.* On information and belief, Hector Pesquera is married to Jane Doe, and whom he forms a conjugal partnership.

7.      The Commonwealth of Puerto Rico, Puerto Rico Police Department, and Colonel Caldero in his official capacity are sued for the injunctive relief sought.

8.      Plaintiff and the individuals they seek to represent currently work, or previously worked as hourly paid, non-exempt Police Officers for Colonel Jose L. Caldero and Hector Pesquera.

9.      Defendants are "employers" and Plaintiff and the Class are "employees" under the FLSA and Puerto Rico Code §§ 29 L.P.R.A. 271, *et seq.*

## JURISDICTION AND VENUE

10.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." This Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11.      Plaintiffs also invoke this Court's jurisdiction under minimal diversity pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). CAFA vests the Court with subject matter jurisdiction in matters like the above-captioned case, where there is minimal diversity of citizenship, 100 or more class members, and more than $5 million in controversy in the aggregate.  This is a class action and the amount in controversy exceeds five million dollars ($5,000,000.00). Furthermore, the proposed class substantially exceeds 100 class members, and many members of the Class are residents of a state different from that of Defendants.

12.      This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367 because such claims derive from a common nucleus of operative facts.

13.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Defendants conduct and have conducted business within this judicial district. In addition, a

substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this judicial district.

## FACTUAL BACKGROUND

14.     This is a class and collective action Complaint against Defendants challenging Defendants' policies and practices of denying proper payments of all wages (including minimum wage, overtime, paid time off and or compensated time off, and reimbursement), and failing to provide proper meal breaks and/or compensation for missed breaks.

15.     Plaintiffs are individuals, who are or have been employed by Defendant as a full time, hourly paid, Police Officers, scheduled to work 40 hours a week, or other similarly titled positions during the at a rate of approximately $15.00 per hour. Police Officers all shared similar job titles, pay plans, job descriptions, job duties, and hours of work, amongst other things.

16.     Defendants managed Police Officers' work, including the amount of time Police Officers worked and how that time was recorded. Defendants dictated, controlled, and ratified the wage-and-hour policies and practices and all related employee compensation policies and practices.

17.     Defendants uniformly and centrally disseminated wage-and-hour practices and policies.

18.     Police Officers were classified by Defendants as non-exempt employees under Puerto Rico wage and hour laws and the FLSA and were and are paid an hourly rate.

19.     Defendants generally only paid for scheduled time at a maximum of 40 hours per week, and did not record or pay for all time actually worked, including overtime, by Police

Officers even though Defendant required Police Officers to work additional time beyond their scheduled shifts.

20.     In addition, Defendants also does not provide Police Officers with proper meal breaks, and fails to compensate them for missed breaks.

21.     Defendant requires Police Officers to work grueling schedules. Defendant typically schedules them to work 8-hour shifts, 5-days per week, but actually requires them to work hours that greatly exceed their scheduled work shifts.

22.     Police Officers typically arrive at work before their scheduled shifts, often around 30 minutes in advance, and start their work duties. Supervisors are aware that Police Officers are working before their scheduled shifts and are performing duties that include, but are not limited to, completing paperwork from the previous day's work. While Police Officers are instructed to log the actual time of their arrival in an attendance log, Defendants preclude them from officially recording their work start time until 10 minutes before their shift is scheduled to begin. Defendants typically pay Police Officers for their scheduled shifts, and not for their actual time worked before their shift begins.

23.     Police Officers may also be required to attend court for their cases, including on their days off.  Typically, Police Officers are not compensated at the required overtime rate for this time worked. When officers testify in court, they are required to report to the precinct before reporting to court at 8:00 a.m., but only allowed to punch in at the time they arrive at court, not when they arrive at the precinct.

24.     Defendant also requires Police Officers to be "on call." Often, Defendant contacts Police Officers outside of their scheduled shifts and expects them to report to work as soon as

possible. In the event Police Officers are required to report to work outside of their typical scheduled shifts, they are not properly compensated for this work time.

25.     Police Officers are also expected to work beyond their scheduled shifts to attend community events, including but not limited to public celebrations and festivals. On these occasions, their work shift exceeds 8 hours and can be up to 16 hours.  Police Officers are not properly compensated for this work time.

26.     Police Officers often work in excess of 8 hours per day and 40 hours in a week, without proper compensation, including overtime compensation.

27.     Although Defendants acknowledge that Police Officers should receive overtime pay at a rate of one and half times their regular rate of pay, Defendant does not actually pay Police Officers for overtime.

28.     Instead of paying overtime as required by law, Defendant says that it will provide Police Officers paid time off to account for the overtime worked.  Despite the illegality of this, it is near impossible for Police Officers to take paid time off due to their demanding work schedules and Defendants' "on call" expectations.  Defendants also expect Police Officers to keep their own records of overtime worked instead of Defendant properly recording all of their time worked. Regardless, Defendant does not pay the Police Officers for overtime worked as required by state and federal law.

29.     The problems with overtime pay are exacerbated by the implementation of Defendant's new electronic timekeeping system. Defendant has illegally shifted the burden to the Police Officers for recording overtime worked. Specifically, when the new electronic timekeeping system was implemented, Defendant instructed the Police Officers to input all of their overtime worked from 2010. Police Officers were expected to have personally maintained

their time worked to be able to quickly enter into the system, which was experiencing numerous functionality and performance problems, and frequently froze up completely during the period of time the officers were to be re entering their time.

30.     The consequences of Defendant's directives to Police Officers to log overtime into the new computer system are dire. Defendant has explained that he will deduct wages from future compensation for allegedly overpaid overtime in previous years for those Police Officers, who are unable to have the time they entered into the new system correspond with Defendant's record of overtime pay. In other words, this is yet another attempt by Defendant to avoid his responsibilities to Police Officers under the FLSA and under Puerto Rico's wage and hour laws, by failing to pay and/or to illegally deduct wages owing to Police Officers, including overtime pay. By way of example, Frances Carlos was notified on October 12 that defendant would be deducting 227 hours from her federal overtime hours due to the requirement that she re enter the time from 2010 forward. Other officers have received similar notices.

31.     Ultimately, Defendants failed to maintain accurate records of all time worked by Plaintiffs despite their legal obligation to do so.

32.     Defendants knew and were aware at all times that Police Officers routinely worked more than their scheduled time because their agents and supervisors dictated, directed, and controlled this work performed off the clock. Nonetheless, Defendants failed to properly pay Police Officers for all time actually worked.

33.     In addition to the issues they face with off-the-clock work and underpayment of wages, Police Officers are also subject to other illegal wage and hour schemes.

34.     Defendants expect Police Officers to work constantly throughout the day, often with without breaks. As a result, Police Officers either do not receive meal breaks or are unable to

take meal breaks until late in the day, after the time in which they are required to be provided to them.

35.     Furthermore, even though Police Officers do not receive timely and compliant breaks, Defendant does not pay premium pay to the Police Officers for these missed or untimely breaks as required by law.

36.     Defendants also require Police Officers to incur numerous work-related expenses, but does not reimburse Police Officers for these required expenditures.

37.     Defendants require Police Officers to wear a uniform. However, Defendants do not provide Police Officers with sufficient pay to cover the costs of the required uniform. Instead, Defendant makes improper deductions from Police Officers' wages to cover the costs of uniforms.  Moreover, Police Officers often spend $300.00 or more per year on uniforms and boots, and are not reimbursed for their expenses.

38.     Police Officers incur other business expenses for which they are not reimbursed. Police Officers are expected to travel, sometimes long distances, for work.  For example, Police Officers often are required to travel to courts to testify.   However, Defendant does not compensate Police Officers for tollway and other travel expenses they incur while performing their work duties.

39.     Moreover, when Police Officers are driving significant distances for work, the time during which they are driving may be during the time for which they should be provided a meal break. In this instance, Defendants' policy is to provide food allowances to the Police Officers during these work trips. However, Defendant does not pay the Police Officer for such food allowances.

40.     Defendants' practices violated the provisions of the FLSA and the Puerto Rico Constitution, Article II, Section 16, Puerto Rico Wage Payment Statute, 29 L.P.R.A. §§ 173, *et seq.*, Puerto Rico Working Hours and Days Act, 29 L.P.R.A. §§ 271, *et seq.*, and the Puerto Rico Police of 1996 Act, 25 L.P.R.A. §§ 3109, *et. seq.* As a result of Defendants' unlawful practice, Defendants benefited from reduced labor and payroll costs.

41.     The decision to take away accumulated overtime hours without due process is a deprivation of property in violation of the Fifth Amendment to the U.S. Constitution.

42.     Even though Defendants' policy provides that the plaintiff class is to be paid federal overtime every 90 days, in fact, the plaintiff class has not been paid overtime since late 2014.

43.     There are officers who have retired from the police force with hundreds of unpaid overtime hours.

44.     Even though the FLSA requires employers to post a notice of FLSA rights, Defendants have failed to do so, thus their waiving any right to raise a statute of limitations defense that they could have had.

45.     Police Officers were subject to Defendants' uniform policies and practices and were victims of Defendant's scheme to deprive them compensation. As a result of Defendant's illegal and willful failure to pay Police Officers in accordance with the requirements of the FLSA and Puerto Rico law, Police Officers suffered lost wages, overtime compensation, lost minimum wages, liquidated and other damages. Plaintiff also seeks injunctive and declaratory relief to prevent these ongoing violations.

46.     Even though the Puerto Rico Police Department has recently agreed to pay overtime due to many members of the class in a Consent Decree entered into with the United States

Department of Labor, that decree only cover the years 2010-2014, not the entire period of violations set forth in this Complaint.

47.     The Consent Decree also fails to address the other causes of action set forth in this Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     Plaintiffs bring Count I and Count II under the FLSA as "opt-in" nationwide collective action claims pursuant to 29 U.S.C. § 216(b) on behalf of theselves and the following collective class of employees:

> All individuals who were employed or are currently employed by the Defendant in Puerto Rico, as hourly paid, non-exempt, Police Officer or other similarly titled positions at any time  (the "Police Officer FLSA Collective Class").

49.     Plaintiffs, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendants' policies and practices of failing to record all hours worked accurately and failing to pay Plaintiffs properly for all hours worked, including minimum wage and overtime compensation, and making unlawful deductions. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs, which includes individuals residing in Puerto Rico and throughout the United States, may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

50.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" nationwide collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

51.     Plaintiffs and other FLSA Collective Class Members are similarly situated because they all had similar duties, performed similar tasks, are entitled to the same rights under the

FLSA to be paid wages unless properly exempted thereunder, have been subjected to similar pay plans, and have been required to work and have worked in excess of scheduled hours per week.

52.     Plaintiffs and the other members of the FLSA Collective Class are victims of a uniform, agency wide compensation policy and practice. Defendant applied this uniform practice, which violates the FLSA, to all members of the FLSA collective action thereby depriving them of compensation.

53.     Defendant's conduct was willful and caused significant damage to Plaintiffs and other members of the FLSA Class.

54.     The United States Department of Labor has repeatedly intervened with, negotiated with, and entered into consent judgments with, these Defendants because of their repeated violations of the FLSA, most recently in a case and Consent Judgment, filed on October 19 and 20, 2016 in this District, 16-2489 (CCC).

55.     Plaintiffs are representative of the members of the nationwide Collective class and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

56.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the nationwide Collective.  Plaintiffs have retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

57.     Plaintiffs contemplate providing a notice or notices to all of the employees, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any

judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## RULE 23 CLASS ALLEGATIONS

58.     Plaintiff bring Counts III through IX (the Puerto Rico claims) as an "opt-out" class action under Federal Rule of Civil Procedure 23. The Class is defined as:

> All individuals who were employed or are currently employed by the Defendants in Puerto Rico as hourly paid, non-exempt, Police Officer or other similarly titled positions (the "Police Officer Rule 23 Class").

### Numerosity

59.     Plaintiffs satisfy the numerosity requirements as the proposed Class consists of in excess of 17,000 Class members, residing in Puerto Rico and throughout the United States. The members of the proposed Class can be identified and located using Defendant's payroll and personnel records, meaning the Class is also ascertainable. Therefore, the Class is so numerous that the joinder of all members is impracticable.

### Common Questions of Fact or Law

60.     There are questions of fact or law common to the Class that predominate over any questions affecting only individual members. The questions of law or fact common to the Class arising from Defendant's actions include, without limitation, the following:

a.      Whether Plaintiffs and the Class worked before the start of their shifts without pay;

b.      Whether Plaintiffs and the Class worked after the conclusion of their shifts without pay;

c.      Whether Plaintiffs and the Class work overtime, either over 8 hour per day and/or 40 hours per week;

d.      Whether the work performed by Plaintiffs and the Class is compensable under federal law and/or Puerto Rico law;

13

e.      Whether Plaintiffs and the Class were paid at least minimum wage for all hours worked;

f.      Whether Defendants failed to compensate Plaintiffs and the Class for all hours worked, including overtime compensation, in violation of federal and Puerto Rico law;

g.      Whether Defendants made and maintained accurate records of all time worked by Plaintiffs and the Class as required by federal and Puerto Rico law;

h.      Whether Defendants generally paid only for scheduled time, instead of all time actually worked by Plaintiffs and the Class;

i.      Whether Defendants failed to compensate Plaintiffs and the Class for all the work that Defendant encouraged, suffered and/or permitted Plaintiffs and the Class to perform;

j.      Whether Defendants engaged in a pattern, practice, or policy of encouraging Class members to work outside of their shifts and failing to pay Class members for such time worked;

k.      Whether Defendants failed to provide Plaintiffs and the Class with meal breaks as required by Puerto Rico law;

l.      Whether Defendants failed to provide Plaintiffs and the Class with premium compensation for meal breaks as required by Puerto Rico law;

m.      Whether Defendants engaged in a pattern, practice, or policy of not providing Class members with meal breaks and failing to pay Class members for missed meal breaks;

n.      Whether Defendants made unlawful deductions from the wages of Plaintiffs and the Class in violation of federal and/or Puerto Rico law;

o.      Whether Defendants engaged in a pattern, practice, or policy of making unlawful deductions from the wages of Plaintiffs and the Class;

p.      Whether Defendants failed to reimburse Plaintiffs and the Class for necessary business expenditures as required by Puerto Rico law;

q.      Whether Defendants engaged in a pattern, practice, or policy of not reimbursing Class members for necessary business expenditures;

r.      Whether Defendants willfully failed to comply with wage-and-hour laws;

14

s.  Whether Defendants was unjustly enriched by failing to comply with wage-and-hour laws;

t.  Whether Defendants can prove he acted in good faith;

u.  The nature and extent of class-wide injury and the measure of damages for the injury;

v.  Whether Defendant Caldero can remind the Commonwealth and the Puerto Rico Police Department to uphold the law;

w.  Whether Defendant Caldero can schedule and deploy Police Officers to avoid the need for overtime;

x.  Whether Defendant Caldero can schedule and deploy Police Officers to provide Police Officers with meal breaks;

y.  Whether Defendant Caldero can direct subordinate Commonwealth and Puerto Rico Police Department staff to comply with the FLSA and Puerto Rico law;

z.  Whether Defendants failed to notify Plaintiffs of their rights under the FLSA;

aa.  Whether Defendant Caldero has failed to pay the plaintiff class overtime since late 2014;

bb.  Whether Defendant Caldero proposes to take away already adjudicated overtime through a program designed to deprive the plaintiff class of property without due process of law and

cc.  Whether Defendant Caldero should resign from his position in light of his failure to adhere to the law.

61.  The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of this controversy.

62.  Plaintiffs anticipate that Defendants will raise defenses that are common to the Class.

**<u>Typicality</u>**

63.     The claims of Named Plaintiffs are typical of the claims of the Class in the following ways: 1) Plaintiffs are a member of the Class; 2) Plaintiffs' claims arise out of the same policy, practice and course of conduct that forms the basis of the Class; 3) Plaintiffs' claims are based upon the same legal and remedial theories as those of the Class and involve similar factual circumstances; 4) there are no conflicts between the interests of the Named Plaintiffs and the putative Class Members; 5) the injuries suffered by the Named Plaintiffs are similar to the injuries suffered by the putative Class Members. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

**Adequacy**

64.     Plaintiffs are adequate representatives of the Class they seek to represent because they are members of the Class, and their interests do not conflict with the interests of the members of the Class they seek to represent. Plaintiffs and their counsel will fairly and adequately protect Class Members. Plaintiffs haves hired competent attorneys who are experienced in class-action litigation of this type and who are committed to prosecuting this action.

**Superiority**

65.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that would occur were these claims brought individually. Moreover, as the damages suffered by each Class Member may be relatively small, the expenses and burden of individual litigation would make it difficult for Class Members to bring individual claims. Presenting separate actions by individual Class Members would create a risk

of inconsistent and varying adjudications, establish incompatible standards of conduct for Colonel Jose L. Caldero, and substantially impair or impede Class Members' ability to protect their interests.

66.     Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

67.     Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

68.     Plaintiffs intend to send notice to all Class Members to the extent required under applicable class action procedures. Plaintiffs contemplate providing a notice or notices to the Puerto Rico Class, as approved by the Court, to be delivered through the United State mail. The notice or notices shall, among other things, advise the Puerto Rico Class that they shall be entitled to "opt out" of the class certified for the Puerto Rico Action if they so request by a date specified within the notice, and that any judgment on the Puerto Rico Action, whether favorable or not, entered in this case will bind all Class Members except those who affirmatively exclude themselves by timely opting out.

## COUNT I

**UNPAID WAGES, OVERTIME COMPENSATION, AND MINIMUM WAGES UNDER THE FLSA ON BEHALF OF THE POLICE OFFICER COLLECTIVE CLASS**
**(By Plaintiffs and the Collective Class)**

69.     Plaintiffs re-allege and incorporate the above paragraphs of this Complaint as if fully set forth herein.

70.     Plaintiffs assert claims for unpaid work pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

71.     At all times relevant, Colonel Jose L. Caldero and Hector Pesquera were an "employer" within the meaning of 29 U.S.C. §203(d).

72.     At all times relevant, Plaintiffs and the nationwide Collective Class were "employees" as defined by 29 U.S.C. § 203(e).

73.     At all relevant times, Plaintiffs and the nationwide Collective Class were entitled to rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 201, *et seq.*

74.     Defendant did not pay Plaintiffs and the nationwide Collective Class for all hours worked in a week in violation of the maximum-hours provision of the FLSA, 29 U.S.C. § 207(a).

75.     Pursuant to the FLSA, 29 U.S.C. § 207, Defendant was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

76.     In addition, the FLSA allows for recovery of any unpaid "straight-time" wages for hours worked under 40 per week if Plaintiff establish that they are entitled to overtime pay under the FLSA. 29 C.F.R. § 778.315.

77.     At all relevant times, Defendant's conduct of not paying premium pay to Plaintiff and the Collective Class for all hours worked over 40 in a week was willful in that, among other things:

a.     Defendants knew or should have known that the FLSA required them to pay time and one-half for all hours worked over 40 in a week;

b.     Defendants failed to maintain true and accurate time records; and,

c.     Defendants dictated, directed, and controlled the unpaid work.

78.    As a direct and proximate result of the above-alleged conduct, Defendant violated the FLSA.

79.    Plaintiffs and the Collective are victims of a uniform compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the Collective who worked as employees of Defendant.

80.    Defendants also violated the FLSA by knowingly failing to maintain records of all hours worked, including overtime hours.

81.    Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

82.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

83.    As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective.  Accordingly, Defendant is liable for unpaid wages, overtime compensation, and minimum wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

84.    In addition, Plaintiffs and the Collective Class also seek injunctive and declaratory

relief to prevent these ongoing violations.

85.     Wherefore, Plaintiffs and the Collective Class request relief as hereinafter provided.

**COUNT II**

**UNLAWFUL DEDUCTIONS UNDER THE FLSA ON BEHALF OF THE POLICE
OFFICER COLLECTIVE CLASS
(By Plaintiffs and the Collective)**

86.     Plaintiffs re-allege and incorporate the above paragraphs of this Complaint as if fully set forth herein.

87.     Plaintiffs assert claims for unpaid work pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

88.     At all times relevant hereto, Colonel Jose L. Caldero and Hector Pesquera were "employers" within the meaning of 29 U.S.C. §203(d).

89.     At all times relevant hereto, Plaintiffs and the Collective Class were "employees" as defined by 29 U.S.C. § 203(e).

90.     At all times relevant hereto, Plaintiffs and the Collective Class were entitled to rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 201, *et seq.*

91.     Colonel Jose L. Caldero and Hector Pesquera deducted costs, including but not limited for uniforms, in violation of the FLSA, 29 U.S.C. § 206, so as to cause Plaintiffs' wages to at times fall below the federally mandated minimum wage rate.

92.     At all relevant times, Defendant's conduct of making deductions to Plaintiffs for work-related expenses was willful in that, among other things:

> a.   Defendant knew or should have known that the FLSA prohibits unlawful deductions; and,
>
> b.   Defendant dictated, directed, and controlled the unlawful deductions.

20

93.     As a direct and proximate result of the above-alleged conduct, Defendant violated the FLSA.

94.     As a direct and proximate result of the above-alleged conduct, Plaintiffs and the Collective Class are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

95.     In addition, Plaintiffs and the Collective Class also seek injunctive and declaratory relief to prevent these ongoing violations.

96.     Plaintiffs and the Collective Class are also entitled to reimbursement of their costs and attorneys' fees if they are successful in prosecuting an action for unlawful deductions.

97.     Wherefore, Plaintiffs and the Collective Class request relief as herein provided.

## COUNT III

### VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION BECAUSE DEFENDANT IS DEPRIVING THE PLAINTIFF CLASS OF AQUIRED FEDERAL OVERTIME HOURS WITHOUT DUE PROCESS OF LAW
### (42 U.S.C. §§1983, 1988)

98.     Plaintiffs re-allege and incorporate the above paragraphs of this Complaint as if fully set forth herein.

99.     By requiring the Plaintiff Class to re-enter overtime accrued from 2010 to the present, without access to the logbooks which contain the information documenting how much overtime the Plaintiff Class accrued from 2010 until the end of 2015 into a computer system that repeatedly froze up during this renewed accounting period, without adequate IT assistance, without compensating them for this added administrative burden, Defendant is depriving the Plaintiff class of property without due process of law. By way of example, named plaintiff Carlo

has been notified that she will be losing 227 hours of federal overtime she had accrued, that is, over a month in overtime hours worked.

100.     The Plaintiff Class asks this Honorable Court to reinstate all overtime hours taken away from members of the Plaintiff Class without due process of law and immediately end this unconstitutional practice.

101.     Pursuant to 42 U.S.C. § 1988, the Plaintiff Class asks that the Court order defendant to pay their attorneys' fees.

102.     Wherefore, Plaintiffs and the Collective Class request relief as herein provided.

## COUNT IV

**VIOLATION OF THE PUERTO RICO STATUTE 29 L.P.R.A. §§ 173, *ET SEQ*. FOR FAILURE TO PAY FOR ALL HOURS WORKED ON BEHALF OF THE POLICE OFFICER RULE 23 CLASS
(By Plaintiffs and the Puerto Rico Class)**

103.     Plaintiffs re-allege and incorporate the above paragraphs as if fully set forth herein.

104.     Plaintiffs are a member of a Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23, *et seq*. of the Federal Rules of Civil Procedure.

105.     Puerto Rico Code 29 L.P.R.A. §§ 173, *et seq*. requires employers to pay their employees for all hours worked. Puerto Rico Code further provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. *See* 29 L.P.R.A. § 177.

106.     Defendants violated Puerto Rico Code § 173, by regularly and repeatedly failing to properly compensate Plaintiff and Class Members for all their compensable time and failing to do so in the time required by law.

107.    Defendants required Plaintiffs and the Class to work off-the-clock without compensation for their work performed.  In other words, Plaintiff and the Class were forced to perform work for the benefit of Defendant without compensation.

108.    Specifically, Defendants requires Plaintiffs and the Class Members to work hours that greatly exceed their scheduled work shifts of 8-hour shifts, 5-days per week off-the-clock and without compensation. Class Members must work before their scheduled shifts, after their scheduled shifts, be constantly on-call, and report for work on their days off including but not limited for reporting to court and acting as security for local celebrations.

109.  In violation of Puerto Rico law, Defendant willfully failed to pay Plaintiffs and the Class for time worked.

110.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the Class have suffered and will continue to suffer lost wages, and other damages, all in excess of the jurisdictional minimum. Plaintiffs and the Class have been damaged in an amount according to proof at time of trial. Plaintiff and the Class also seek injunctive and declaratory relief to prevent these ongoing violations.

111.    Wherefore, Plaintiffs and the Class request relief as herein provided.

<u>**COUNT V**</u>

**VIOLATION OF PUERTO RICO STATUTE 29 L.P.R.A §§ 250, *ET SEQ*. FOR FAILURE TO PAY MINIMUM WAGE ON BEHALF OF THE POLICE OFFICER RULE 23 CLASS**
**(By Plaintiffs and the Puerto Rico Class)**

112.    Plaintiffs re-alleges and incorporates the above paragraphs as if fully set forth herein.

113.    Plaintiffs are members of a Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23, *et seq*. of the Federal Rules of Civil Procedure.

23

114.     25 L.P.R.A. § 250 provides that "The federal minimum wage fixed by the Fair Labor Standards Act approved by the Congress of the United States of America on June 25, 1938, as it has subsequently been amended, shall automatically apply to the workers in Puerto Rico covered by the federal act. Upon applying the federal minimum wage, the provisions in federal legislation and regulations shall be recognized with regard to how the minimum wage shall be paid, what working hours are, which employees and jobs are exempted from minimum wages, and to establish the minimum hours of work or maximum work week."

115.     When Plaintiffs and the Class worked, they were entitled to be paid at least minimum wage for each of their hours worked.

116.     Defendants violated 25 L.P.R.A. § 250, by regularly and repeatedly failing to properly compensate Plaintiffs and Class Members for all their compensable hours actually worked and failing to do so in the time required by the Constitution and Puerto Rico law.

117.     Defendant's policy and practice of requiring Plaintiffs and the Class to perform work for less than minimum wage is unlawful.  Accordingly, as a result of Defendant's unlawful policy alleged herein, Plaintiffs and the Class have worked hours for Defendant without being paid minimum wage in violation of the Puerto Rico law.

118.     Ultimately, Defendant willfully failed to pay minimum wage compensation to Plaintiffs and the Class.

119.     As a direct and proximate result of Defendant's unconstitutional and illegal conduct, Plaintiffs and the Class have suffered and will continue to suffer lost wages, and other damages, including statutory penalties, liquidated damages, attorneys' fees and costs, all in excess of the jurisdictional minimum, and are thus entitled to recover such amounts. 29 L.P.R.A. § 250i.

24

Plaintiff and the Class also seek injunctive and declaratory relief to prevent these ongoing violations.

120.     Wherefore, Plaintiffs and the Class request relief as herein provided.

### COUNT VI

**VIOLATION OF THE PUERTO RICO STATUTE 29 L.P.R.A. §§ 273, *ET SEQ*. FOR FAILURE TO PAY OVERTIME ON BEHALF OF THE POLICE OFFICER RULE 23 CLASS**
**(By Plaintiffs and the Puerto Rico Class)**

121.     Plaintiffs re-allege and incorporate the above paragraphs as if fully set forth herein.

122.     Plaintiffs are members of a Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23, *et seq*. of the Federal Rules of Civil Procedure.

123.     Article II, Section 16 of the Puerto Rico Constitution provides that a worker is entitled to a "workday which shall not exceed eight hours."  Moreover, "[a]n employee may work in excess of this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed."

124.     Further, 25 L.P.R.A. § 3109 provides that "[t]he legal working day of the Police shall not be in excess of eight (8) hours a day, nor more than forty (40) hours a week. The . . . members of the police who work in excess of the working schedule established herein, shall be entitled to be paid for the hours worked overtime, at the rate of time-and-a-half. Provided, That any member of the Police Force who works in excess of the legal working day shall have the option of substituting the cash payment to which he/she is entitled for the overtime worked, for its equivalent in compensatory time."

125.      29 L.P.R.A. § 273(a) defines overtime as:

                    (a) The hours that an employee works for his employer in excess of eight

(8) hours during any period of twenty-four (24) consecutive hours.

(b) The hours that an employee works for his employer in excess of forty during any week, unless the hours worked daily in excess of eight are paid at double time rates.

(c) The hours that an employee works for his employer during the days or hours when the establishment in which he renders services should remain closed to the public by legal provision; Provided, however, That the hours worked by an employee for his employer during the days or hours in which the establishment must remain closed to the public shall not be considered extra hours, when the employer has obtained from the Secretary of Labor and Human Resources the permit required by §§ 289 and 290 of this title, and the total number of hours worked by the employee during said day do not exceed eight (8) hours, nor the total number of hours worked during the week exceed forty (40) hours.

126.     When Plaintiffs and the Class worked more than eight hours on the first day of their workweeks and more than eight hours each subsequent day, the entire subsequent day should have been paid time and one-half. *See* 29 L.P.R.A. § 274.

127.     In addition, 29 L.P.R.A. § 295 entitles Plaintiffs and the Class to "one day of rest for every six (6) working days."   "Any employer who employs or permits an employee to work on the day of rest . . . shall be obliged to pay said employee for the hours worked during such day of rest a rate double the salary rate agreed upon for regular working hours."

128.     Defendant violated the Puerto Rico Constitution, 29 L.P.R.A. §§ 273, *et seq.*, and 25 L.P.R.A. § 3109 , by regularly and repeatedly failing to properly compensate Plaintiff and Class Members for all their compensable overtime actually worked and failing to do so in the time required by the Constitution and Puerto Rico law.

129.     Defendant's policy and practice of requiring Plaintiffs and the Class to perform work off-the-clock before and after the beginning of their paid shifts as well as on their days off is unlawful.  Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiffs and the Class to perform off-the-clock work, Plaintiff and the Class have worked

26

overtime hours for Defendant without being paid overtime premiums in violation of the Puerto Rico law.

130.     Defendant exacerbates the failure to pay overtime wages in other ways. First, Defendant fails to provide Plaintiffs and the Class with compensated time off. Defendant has also illegally shifted the burden to the Police Officers for recording overtime worked with the implementation of the new electronic timekeeping system.

131.     Ultimately, Defendant willfully failed to pay overtime compensation to Plaintiffs and the Class.

132.     As a direct and proximate result of Defendant's unconstitutional and illegal conduct, Plaintiffs and the Class have suffered and will continue to suffer lost wages, including overtime compensation, and other damages, including statutory penalties, liquidated damages, attorneys' fees and costs, all in excess of the jurisdictional minimum, and are thus entitled to recover such amounts. 29 L.P.R.A. § 282. Plaintiffs and the Class also seek injunctive and declaratory relief to prevent these ongoing violations to the extent that defendants have not already agreed to the same.

133.     Wherefore, Plaintiffs and the Class request relief as herein provided.

## COUNT VII

**VIOLATION OF THE PUERTO RICO STATUTE 29 L.P.R.A. §§ 283, *ET SEQ*. FOR FAILURE TO PROVIDE MEAL BREAKS ON BEHALF OF THE POLICE OFFICER RULE 23 CLASS**
**(By Plaintiffs and the Puerto Rico Class)**

134.     Plaintiffs re-allege and incorporate the above paragraphs as if fully set forth herein.

135.    Plaintiffs are members of a Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23, *et seq.* of the Federal Rules of Civil Procedure.

136.    29 L.P.R.A. § 283 sets forth the law regarding meal breaks. It states the following in relevant part:

> The periods assigned for taking meals which occur within or outside the regular work schedule of the employee may be of less than one hour. If a lesser period is fixed for the mutual convenience of the employee and his/her employer, or through the written stipulation of both, the aforesaid shall not be less than thirty (30) minutes, except for croupiers, nurses and security guards, in which case it may be of a minimum of twenty (20) minutes.
> . . .
> The period assigned for taking meals shall not commence before the conclusion of the third hour, nor after the sixth consecutive hour of work commences, so that at no time shall the employees be required to work more than five (5) consecutive hours without a break in their work schedule to take meals. Provided, That as an exception and pursuant to the regulations promulgated to such effects, the Secretary of Labor and Human Resources may authorize that the period for taking meals may be taken between the second and third consecutive hour of work.
>
> Every employer who employs or permits an employee to work during the period fixed for taking food, shall be bound to pay for said period or fraction thereof at a wage rate equal to double the rate agreed upon for regular hours. In such cases where, pursuant to the provisions of this section, the period fixed for taking food is reduced to a period of less than one hour, the employer shall be bound to pay a wage rate equal to double the rate agreed upon for regular hours, only if he employs or permits an employee to work during such reduced period fixed taking food.

137.    Despite these requirements, Defendant has knowingly and willfully refused to perform his obligations to provide Plaintiffs and the Class timely and compliant meal breaks to which they are entitled.

138.    Defendant has also failed to pay Plaintiffs and the Class at the rate equal to double the rate agreed upon for regular hours for each untimely and/or missed meal break.

139.     Therefore, Plaintiffs and the Class are entitled to compensation for the failure to provide legally compliant meal breaks, including but not limited to the sums unpaid, liquidated damages, costs, expenses, and attorneys' fees. 29 L.P.R.A. § 282. Plaintiff and the Class also seek injunctive and declaratory relief to prevent these ongoing violations.

140.     Wherefore, Plaintiffs and the Class request relief as herein provided.


## COUNT VIII

**VIOLATION OF THE PUERTO RICO STATUTE 29 L.P.R.A. § 175 FOR UNLAWFUL DEDUCTIONS ON BEHALF OF THE POLICE OFFICER RULE 23 CLASS**
**(By Plaintiffs and the Puerto Rico Class)**

141.     Plaintiffs re-allege and incorporate the above paragraphs of this Complaint as if fully set forth herein.

142.     Plaintiffs are members of a Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23, *et seq*. of the Federal Rules of Civil Procedure.

143.     29 L.P.R.A. § 175 sets forth the law regarding deductions from wages. It provides that "no employer may deduct or withhold for any reason whatsoever, part of the salary earned by his or her workers or employees . . .".

144.     Despite these requirements, Defendant deducted costs, including but not limited for uniforms, in violation of the § 175.

145.     At all relevant times, Defendant's conduct of making deductions to Plaintiff's wages for work-related expenses was willful in that, among other things:

> a. Defendant knew or should have known that § 175 prohibits unlawful deductions; and,

      b.  Defendant dictated, directed, and controlled the unlawful deductions.

146.    As a direct and proximate result of the above-alleged conduct, Defendant violated Puerto Rico law.

147.    As a direct and proximate result of the above-alleged conduct, Plaintiffs and the Class are due unpaid wages and reimbursement for unlawful deductions. Plaintiffs and the Class also seek injunctive and declaratory relief to prevent these ongoing violations.

148.    Wherefore, Plaintiffs and the Class request relief as herein provided.

## <u>COUNT IX</u>

**VIOLATION OF PUERTO RICO LAW FOR FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES ON BEHALF OF THE POLICE OFFICER CLASS**
**(By Plaintiffs and the Puerto Rico Class)**

149.    Plaintiff hereby re-alleges and incorporates the above paragraphs as if fully set forth herein.

150.    Plaintiff is a member of a Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23, *et seq.* of the Federal Rules of Civil Procedure.

151.    Puerto Rico law provides that an employer must reimburse an employee for necessary expenditures and losses incurred by an employee.

152.    Defendant requires Plaintiff and the Class to incur numerous work-related expenses, including but not limited to uniforms, tollway charges, and food payments, to perform their work duties. However, Defendant does not compensate Plaintiff and the Class for the expenses required to perform their work-related tasks.

153.     Because of Defendant's failure to comply with the law, Plaintiff and the Class have suffered damages. Plaintiff and the Class seek reimbursement for the necessary expenditures they have incurred in direct consequence of the discharge of their duties in an amount according to proof at the time of trial. Plaintiff and the Class also seek injunctive and declaratory relief to prevent these ongoing violations.

154.     Wherefore, Plaintiff and the Class request relief as herein provided.


## COUNT X

**VIOLATION OF PUERTO RICO LAW FOR UNJUST ENRICHMENT ON BEHALF OF THE POLICE OFFICER CLASS**
**(By Plaintiff and the Puerto Rico Class)**

155.     Plaintiffs re-allege and incorporates the above paragraphs as if fully set forth herein.

156.     Plaintiffs are members of a Class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23, *et seq*. of the Federal Rules of Civil Procedure.

157.     Plaintiffs and the Class conferred upon Defendant the benefit of their services.

158.     Defendants have appreciated the benefit of these services without paying Plaintiffs and the Class for the full value of their services as alleged throughout this Complaint.

159.     Defendant's acceptance of this benefit without paying Plaintiffs and the Class for the full value of their services is inequitable under the circumstances detailed here. Defendant enjoyed reduced overhead and operation costs, and therefore realized additional its own personal and political benefit and to the detriment of Plaintiffs and the Class.

160.    Plaintiffs and the Class are entitled to recover the reasonable value of their services, including all wages, overtime compensation, and reimbursements owed, and all other damages arising out of Defendants' failure to pay Plaintiffs and the Class for their services.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all others similarly situated, demands judgment against Defendant in a sum that will properly, adequately, and completely compensate Plaintiffs and the Collective Class and Rule 23 Class for the nature, extent, and duration of their damages and the costs of this action and as follows:

A.    Certify this case as a collective action under Counts I and II for the Police Officer  FLSA Collective Class;

B.    Certify this class as a class action under Count III for the Police Officer Fifth Amendment Deprivation of Property without Due Process Class for the Police Officer Rule 23 Class;

C.    Certify this case as a class action under Puerto Rico law as to Counts IV - X for  the Police Officer  Rule 23 Class;

D.    Authorize notice and order Defendant to file with this Court and furnish to counsel a list of all names and addresses of all hourly paid, non-exempt Police Officers employed by Defendant who currently work or have worked for Defendant ;

E.    Declare and find that Defendants committed one or more of the following acts:

i.    Violated  the FLSA by failing to pay wages to Plaintiffs and similarly situated persons who opt-in to this action; and,

ii.    Willfully violated the FLSA;

iii.    Violated the Fifth Amendment by depriving the Plaintiff Class of property without Due Process of Law;

F.    For an equitable accounting to identify, locate, and restore to all current and former Class Members the wages they are due, with interest thereon;

G.      For an equitable accounting to identify, locate, and restore to all current and former Class Members the federal overtime hours they are due;

H.      Award judgment in favor of Plaintiffs and the Class for an amount equal to Plaintiffs' and Collective and Class  Members' unpaid back wages pursuant to the applicable rates;

I.      Award Plaintiffs and Collective Class Members liquidated damages in accordance with the FLSA and Puerto Rico law;

J.      Award prejudgment interest, to the extent liquidated damages are not awarded;

K.      Award all legal and equitable relief available under Puerto Rico Code, 29 L.P.R.A. §§ 171, *et seq.*;

L.      Award all legal and equitable relief available under 29 L.P.R.A. §§ 273 *et seq.*;

M.      Award Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA, 42 U.S.C §1988, and applicable Puerto Rico laws;

N.      Award pre- and post-judgment interest and court costs as further allowed by law;

O.      Grant Plaintiffs and the class leave to add additional plaintiffs by motion, the filing of written consent forms or any other method approved by the Court;

P.      Award compensatory damages, including all pay owed, in an amount according to proof;

Q.      Appoint Plaintiffs' lawyers as counsel for the Collective Class and the Police Officer Rule 23 Class;

R.      Grant leave to amend to add claims under applicable state and federal laws; and,

S.      Provide further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs hereby demand trial by jury.

Dated: October 24, 2016                    Respectfully Submitted,


                                           /S/ JANE BECKER WHITAKER
                                           **JANE BECKER WHITAKER**
                                           **USDCPR BAR NUMBER 205110**
                                           **LAW OFFICES OF**
                                           **JANE BECKER WHITAKER**
                                           P.O. Box 9023914
                                           San Juan, Puerto Rico 00902-3914
                                           Telephone: (787) 754-9191
                                           Facsimile: (787) 764-3101
                                           Email: janebeckerwhitaker@yahoo.com

                                           J. Barton Goplerud AT0002983
                                           Andrew B. Howie AT0003716
                                           **HUDSON, MALLANEY, SHINDLER**
                                           **& ANDERSON, P.C**.
                                           5015 Grand Ridge Drive, Suite 100
                                           West Des Moines, Iowa 50265-5749
                                           Telephone: (515) 223-4567
                                           Facsimile: (515) 223-8887
                                           Email: jbgoplerud@hudsonlaw.net
                                           Email: ahowie@hudsonlaw.net

                                           Carolyn Hunt Cottrell
                                           Michael C. McKay
                                           Nicole N. Coon
                                           **SCHNEIDER WALLACE COTTRELL**
                                           **KONECKY WOTKYNS LLP**
                                           2000 Powell St., Suite 1400
                                           Emeryville, California 94608
                                           Telephone: (415) 421-7100
                                           Facsimile: (415) 421-7105
                                           Email: ccottrell@schneiderwallace.com
                                           Email : mmckay@schneiderwallace.com
                                           Email: ncoon@schneiderwallace.com

                                           **ATTORNEYS FOR PLAINTIFF AND**
                                           **THE PROPOSED CLASSES**