IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCES CARLO, JOEL LOPEZ, and their conjugal partnership, EMILY RAMOS SANCHEZ, RICARDO BONILLA, EDNA PACHECO MUŇIZ, and their conjugal partnerships, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COLONEL JOSE L. CALDERO, VILMA FERNANDEZ, HECTOR PESQUERA, JANE DOES, and their respective conjugal partnerships, THE PUERTO RICO POLICE DEPARTMENT, and the COMMONWEALTH OF PUERTO RICO,<br><br>Defendants. | Case No. 3:16-cv-02867-PAD<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR STAY |

**INTRODUCTION**

Plaintiffs are police officers who have put their lives on the line to protect and serve the people of Puerto Rico. Defendants have failed to pay them wages as promised and as required by federal and local law. This is an extraordinary case. The Court can easily see by the sheer volume of opt-in forms that have been filed prior to formal notice to the class how many police officers are upset, feel cheated, and are seeking justice by joining the lawsuit. Their damages are ongoing. Police officers continue to be short changed and denied wages that they have earned and are entitled to receive. There exists an urgency to stop the damage and to fairly compensate the men and women who protect and serve the people of Puerto Rico. Defendants have delayed at every turn. Their instant Motion to Stay is yet another example of unnecessary delay.

1

Defendants' Motion to Stay should also be denied because Defendants are attempting to use that motion as a pretext to preclude Plaintiffs from notifying all current and former Puerto Rico police officers who are owed unpaid wages about this lawsuit and to give them the opportunity to join the lawsuit. This tactic is incredibly prejudicial because if the Motion to Stay is granted it will mean that in all likelihood some putative class members will have their rights cut off by statutes of limitations. In other words, staying this litigation will substantively prejudice police officers in the worst possible way. The will be shut out of court because of limitations periods.

Defendants' Motion to Dismiss argues there exists blanket protection and immunity for individual defendants from personal liability for depriving the police officers of their pay. Defendants liken the police officers' claims against them to actions against the State, barred by the Eleventh Amendment. Nonetheless, with respect to the individual defendants' claims they cannot be held individually liable, "[t]he FLSA contemplates, at least in certain circumstances, holding officers with such personal responsibility for statutory compliance…. *Choa v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007). So it is here. As Plaintiffs will elaborate in their forthcoming Opposition to Defendants' Motion to Dismiss, the landscape has changed substantially since the cases cited in Defendants' Motion to Dismiss were published, most specifically with the passage of the Class Action Fairness Act, 28 U.S.C. § 1332 (d).

**<u>ARGUMENT</u>**

1. Defendants filed their Motion for Emergency Stay on May 3, 2017. Defendants claim that because they filed a Motion to Dismiss that these proceedings should be stayed until that motion is decided. They specifically claim that these proceedings should be stayed so that they can avoid the expense of discovery. (*See* Defendants' Emergency Motion to Stay, ¶ 9, D.E. 128). This shopworn claim is makeweight. At risk of stating a blinding glimpse of

the obvious, filing a motion to dismiss does not trigger a stay. This is, however, what Defendants claim. They claim filing a motion to dismiss entitles them to a stay. Defendants err. What makes Defendants' claim especially unpersuasive here is the record in this case. The parties and the Court have always expected Defendants to file a motion to dismiss, and Defendants nevertheless agreed to participate in discovery and the Court even entered discovery orders. Now Defendants are trying to end-run around previous agreements and the Court's prior discovery orders (*See* Minutes of Proceedings: Status Conference, D.E. 75, February 28, 2017).

2. Defendants' Motion for a Stay is also an attempt to substantively prejudice Puerto Rico police officers, and further delay a decision on Plaintiffs' Motion for Interim Class Counsel and Plaintiffs' Motion for 216(b) Conditional Class Certification.

3. "Whether to grant a motion to stay discovery rests squarely in the Court's discretion: '[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Cruz-Aponte v. Caribbean Petroleum Corp.*, 30 F. Supp. 3d 111, 113 (D.P.R. 2014)(quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Nonetheless, "[t]he party seeking the stay must make a "*strong showing*" as to why discovery should be denied; broad statements about inconvenience, costs, or a need for protection are insufficient." *Martinez v. MXI Corp.,* 2015 WL 8328275 *3 (D. Nev. December 8, 2015) (emphasis added).

4. Defendants' wrongfully allege there is an "emergency" that justifies a complete litigation stay. But this is nonsense. There is no "emergency." Defendants always anticipated filing a motion to dismiss. In the Court's February 28, 2017 Minutes of Proceedings: Status

Conference Order (D.E. 75), the Court specifically ordered the Defendants to file their Motion to Dismiss by April 11, 2017. Accordingly, no *emergency* exists. In fact, if an emergency stay is necessary, Defendants would not have waited over three months to file this motion.

5. There is also no justification to stay discovery pending the adjudication of the Motion to Dismiss – the Defendants have failed to make *any showing* that discovery should be stayed. During the Status Conference on February 28, 2017, Defendants agreed to begin producing discovery. They also agreed to a proposed scheduling order and to a briefing schedule. If the Defendants wanted to stay discovery, they should not have agreed to begin discovery. Defendants have not included any affidavits that detail what unfair prejudice they would suffer if this lawsuit is not stayed, or anything of the sort. Instead, Defendants have done exactly what the *Martinez v. MXI Corp.* Court held was insufficient; that is, offer and rely on self-serving broad, and honestly, meaningless statements in a bid to satisfy their burden for a blanket stay order.

6. The Defendants' Motion for stay is also disingenuous based upon the Defendants' countless delays throughout this lawsuit. As laid out in Plaintiffs' Proposed Schedule (D.E. 131), Defendants previously agreed to a discovery schedule. Plaintiff and the Court relied on those representations. But now Defendants reneged. Defendants also filed multiple 11th hour motions to extend deadlines. There is a very clear pattern here. Defendants are unfairly seeking to delay the resolution of this lawsuit. Here, it is very possible that justice delayed will be justice denied.

7. Furthermore, the Court already had the opportunity to stay discovery. At the February 28th Status Conference, the Court was fully aware that a motion to dismiss would be filed, and

the basis of that motion. However, the Court chose to have this matter proceed, and even ordered the Defendants to start producing discovery by May 22, 2017 (See Minutes of Proceedings: Status Conference, D.E. 75, ¶ E(b), February 28, 2017). The Court also ordered the parties to submit a discovery schedule. If the Court were going to stay discovery or even contemplate a stay, the Court would not have had the parties submit a joint proposed scheduling order of events and deadlines (which the Defendants refused to submit). Since the entry of that order, Plaintiffs have been producing information as to the identity of the putative opt-ins, at Defendants' request and with the Court's imprimatur. In essence, Defendants are not asking to stay all discovery; they only want to stay discovery directed to them.

8. Moreover, again, if the Court stays discovery, it will unfairly and in some cases mortally prejudice the Plaintiffs and putative opt-ins. Under the Fair Labor Standards Act, the statute of limitations will continue to run every day that putative opt-ins do not have the opportunity to join this lawsuit.[1] Therefore, Plaintiffs will not receive the entire financial compensation they are entitled to. "In other words, each day that this case drags on[,] increases the possible monetary losses that plaintiffs face. . . ." *Joubert-Vazquez v. Alvarez-Rubio*, 841 F.Supp.2d 570, 573 (D.P.R. 2012).

9. Defendants' argument also ignores that discovery will either occur here, in Federal Court, or in the Commonwealth Court. As such, there is no waste of resources, prejudice to Defendants, and thus no reason to delay discovery.

---

[1] We make this argument without waiving our contention that the statute of limitations is tolled because defendants have also violated the FLSA's notice requirements. *Cf. Perez v. Shucks Maine Lobster, LLC,* 2016 WL 6304674 at 10 (D. Me. October 27, 2016) (*citing inter alia, Cruz v. Maypa,* 773 F.3d 138, (4th Cir. 2014) and holding that the majority of Circuits have resolved that failure to post a poster explaining FLSA rights tolls the FLSA statute of limitations.

**WHEREFORE**, Plaintiffs and putative opt-ins respectfully request that this Court deny Defendants' Motion for Emergency Stay for the reasons contained herein.

Dated: May 15, 2017

**WE HEREBY CERTIFY** that we have filed this motion with the Court's ecf system, which will notify all counsel of record.

Respectfully Submitted,

/S/Michael C. McKay
Carolyn H. Cottrell (*admitted Pro Hac Vice*)
Michael C. McKay (*admitted Pro Hac Vice*)
Nicole N. Coon (*admitted Pro Hac Vice*)
**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
2000 Powell St., Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email : mmckay@schneiderwallace.com
Email: ncoon@schneiderwallace.com

/s/Jane Becker Whitaker
USDCPR 205110
**JANE BECKER WHITAKER**
**USDCPR BAR NUMBER 205110**
**LAW OFFICES OF**
**JANE BECKER WHITAKER**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Telephone: (787) 754-9191
Facsimile: (787) 764-3101
Email: janebeckerwhitaker@yahoo.com

J. Barton Goplerud AT0002983
Andrew B. Howie AT0003716
Brandon M. Bohlman, AT0011668
**SHINDLER, ANDERSON, GOPLERUD & WEESE, P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
Email: goplerud@sagwlaw.com
Email: howie@sagwlaw.com
Email: bohlman@sagwlaw.com

**ATTORNEYS FOR PLAINTIFFS AND THE PROPOSED CLASS**